## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER F. BARNETT )<br><br>    Plaintiff )<br><br>        v. )<br><br>    )<br>5DESIGN DEVELOPMENT, LLC *et al.* )<br><br>    )<br>    Defendants. )<br>_____ ) | Case No. 1:17-cv-00914-RJL |

## DEFENDANTS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### I.  Background and Procedural Posture

This case involves a dispute arising out of the sale of residential property.  Plaintiff, Christopher Barnett, purchased residential property located at 12 Franklin Street, NE, Washington, DC 20002, from defendant 5Design Development, LLC ("5Design").  Plaintiff complains of conditions allegedly existing at that property and has sued 5Design and has also sued Shaw and Lyda Meredith Mostashari ("the Mostasharis" or "the Individual Defendants") in their individual capacities.  Plaintiff filed a five-count Complaint in the Superior Court for the District of Columbia which defendants removed to this Court based upon diversity jurisdiction. These include Count I (Breach of Contract), Count II (Negligence), Count III (Violation of the District of Columbia Consumer Protection Procedures Act), Count IV (Breach of the Implied Covenant of Good Faith and Fair Dealing), and Count V (Strict Liability).  Respectfully, the Court must dismiss these Counts.

### II.  Legal Standard

#### A.     Standard of Pleading

Under Federal Rule of Civil Procedure 12(b)(6) a party may move to dismiss on the grounds that the complaint "fail[s] to state a claim upon which relief can be granted." Generally, a complaint must contain a "short and plain statement of the claim" containing facts which, if true, would entitle plaintiff to relief. Fed. R. Civ. P. (8)(a).  While the Rules require a "short and plain statement", Fed. R. Civ. P. (8)(a), plaintiff must set forth "more than labels and conclusions", *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). While a plaintiff "need not 'show at the pleadings stage . . . [that which] he needs to show to prevail at trial,' the plaintiff must still allege sufficient facts to 'satisfy Rule 8(a) and [Ashcroft v. Iqbal, 556 U.S. 662 (2009)]." *Motir Servs., Inc. v. Ekwuno*, 191 F.Supp.3d 98, 108-09 (D.C. 2016).  In ruling upon a motion to dismiss, under federal and District of Columbia law "for the Court to consider the contract, a document referenced in the complaint, in ruling on the motion to dismiss." *KBI Transport Services v. Medical Transp. Management, Inc.*, 679 F.Supp.2d 104, 107, n.4 (2010), citing *Clark v. Feder Semo & Bard, P.C.*, 634 F.Supp.2d 99, 106 n. 3 (D.D.C.2009) and *Washkoviak v. Student Loan Mktg. Ass'n*, 900 A.2d 168, 178 (D.C.2006).  A court deciding a motion to dismiss may consider facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss. *Hinton v. Corrections Corp. of America*, 624 F. Supp. 2d 45 (2009)(citations omitted).

    **B.**    **The Court may consider Exhibit 1, the Seller's Property Condition Statement, because plaintiff necessarily relies upon it as an essential and**

2

**intrinsic part of his lawsuit, and the Court may take judicial notice of the District of Columbia's business licensing requirements.**

In ruling upon this motion to dismiss, the court may consider not only the well-pled factual allegations of the Complaint but also documents which plaintiff "necessarily relies" even if not produced by the plaintiff in the complaint. *See Hinton v. Corrections Corp. of America*, 624 F. Supp. 2d 45 (2009), and *KBI Transport Services v. Medical Transp. Management, Inc.*, 679 F.Supp.2d 104 (2010).  In *KBI Transport Services*, the court relied upon and cited with approval the case of *Washkoviak v. Student Loan Marketing Ass'n*, 900 A.2d 168, 178 (D.C. 2006)(holding that a court can properly consider documents referenced in a complaint that are "intrinsic" or "central" to plaintiff's claims in connection with a motion to dismiss).  *KBI Transport Services,* 679 F.Supp.2d at 107, n.4.  Here, plaintiff necessarily relies upon a "Seller's Property Condition Statement" (the "Condition Statement").  He refers to the Condition Statement throughout the Complaint; *see, e.g.*, Complaint at 4, 6, 7, 10, states that it was a part of his sales contract for the Property, Complaint at 7, ¶32; and contends that "The Defendants" maliciously, intentionally, deceptively and willfully used the Condition Statement to deceive him into purchasing the Property. Complaint at 10, ¶¶48-49.

Plaintiff has not attached the Condition Statement to his Complaint but plaintiff necessarily relies upon this document as a cornerstone of his case and it is as central and intrinsic to his lawsuit as a document can be.  Defendants have attached the Condition Statement hereto as Exhibit 1, and the Court may consider it for the reasons stated.

Plaintiff failed to attach the Condition Statement to his Complaint for obvious reasons. The Condition Statement includes the following language:

- "Unless otherwise advised, the Seller does not possess an expertise in construction, architecture, engineering, or any other specific area related to the construction of the improvements on the property or the land";

- "Also, unless otherwise advised, the Seller has not conducted any inspection of generally inaccessible areas such as the foundation or roof";

- "THIS STATEMENT IS NOT A WARRANTY OF ANY KIND BY THE SELLER OR BY ANY AGENT REPRESENTING THE SELLER IN THIS TRANSACTION, AND IS NOT A SUBSTITUTE FOR ANY INSPECTIONS OR WARRANTIES THE BUYER MAY WISH TO OBTAIN" (All capitalization in original).;

- "The Seller discloses the following information with the knowledge that, even though this is not a warranty, the Seller specifically makes the following statements <u>based on the seller's actual knowledge at the signing of this document</u>" (emphasis added).

- "This information is a disclosure only <u>and is not intended to be a part of any contract between Buyer and Seller</u>" (emphasis added).

Exhibit 1 at p. 3.

Immediately prior to plaintiff's signature on the last page of the document, the Condition Statement states:

- "Buyer(s) have read and acknowledge receipt of this statement and acknowledge that this statement is made based upon Seller's actual knowledge as of the above date.  This disclosure is not a substitute for any inspections or warranties which the buyer(s) may wish to obtain. This disclosure is NOT a statement, representation, or warranty by any of the seller's agents or any sub-agents as to the presence or absence of any condition, defect, or malfunction or as to the nature of any condition, defect, or malfunction."  (All caps emphasis in original).

Exhibit 1 at p. 7.  Mr. Mostashari signed the document on the last page and his signature is dated

December 31, 2015.  Exhibit 1 at 7.

The Complaint is also replete with conclusory statements about licensure requirements, unsupported characterizations of 5Design's activities, and unfounded legal conclusions accusing 5Design of "illegal" and "unlicensed" work. In that regard, the Court may take judicial notice of promulgated policies and procedures of the District's public agencies. *Pharm. Research & Mfrs.*

*of Am. v. United States HHS*, 43 F. Supp. 3d 28, 34 (D.D.C. 2014) (Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies). *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2, 405 U.S. App. D.C. 141 (D.C. Cir. 2013) (taking judicial notice of document posted on the District of Columbia's Retirement Board website); *Carik v. Dep't Health & Human Svcs.*, No. 12-272(BAH), 4 F. Supp. 3d 41, 2013 U.S. Dist. LEXIS 168714, 2013 WL 6189313, *4 n.4 (D.D.C. Nov. 27, 2013) (taking judicial notice of information on FDA website); *Hyson v. Architect of Capitol*, 802 F. Supp. 2d 84, 90-91 n. 4 (D.D.C. 2011) (taking judicial notice of description on U.S. Office of Personnel Management's website).  Accordingly, it is appropriate for the Court to take judicial notice of the following:

- The DCRA website contains a link to all Business License categories: http://dcra.dc.gov/node/514522

- DCRA's web page contains a link for General Business Licenses: http://dcra.dc.gov/node/609832

- DCRA's web page contains for General Contractor's/Construction Manager's Licenses: http://dcra.dc.gov/node/514882

- DCRA's website descriptions of licensure categories cross reference NAICS Codes. Those codes are found at:  https://www.naics.com/naics-drilldown-table/?

Each business license category has a corresponding North American Industry Classification System ("NAICS") Code. corresponds to DCRA's "General Contractor/Construction Manager" license page expressly references NAICS Code: 23-238990.  This NAICS code defines a General Contractor, in part, as "any person who, for a fee, is contracted to do construction on real property owned, controlled, or leased by another person" and describes a Construction Manager, in part, as is "any person who, for a fee, is contracted to supervise and coordinate the work of a

design professionals and multiple general contractors".  The District of Columbia Municipal

Regulations definitions regarding home improvement contracting, make clear that a home

improvement contractor is one who enters into a contract with a homeowner for a fee.  *See 16*

*DCMR* 899. None of these instances apply to those performing work on their own property.

Plaintiff alleges that 5Design acquired the Property and had the Property renovated while it was

owned by 5Design.  He makes no allegation that 5Design was paid to perform work on property

owned by others or that it performed or supervised work on property owned, controlled, or leased

by another.

### III. Argument

#### A.     The Court must dismiss the lawsuit as to the Individual Defendants

The case of *Motir Servs., Inc. v. Ekwuno*, *supra*, applied the very legal standard cited

above to dismiss veil-piercing claims against an individual defendant.  There, plaintiff's

Complaint alleged the individual defendant was the sole owner of the corporate defendant and

suggested that the individual defendant controlled all of the corporate defendant's

communications and dealings.  *Id*. at 109. The Complaint further alleged that the corporate

defendant merely served as an alter ego for the individual defendant, with co-mingling of assets

and no separation of identities. In granting Ekwuno's motion to dismiss, the court described this

bare recitation of certain elements of a veil-piercing cause of action as "reliance upon a legal

conclusion" and found it insufficient to constitute the requisite factual support needed at the

pleading stage to state a claim for the "extraordinary" measure of corporate veil piercing.  *Id*. at

109, citing  *Schattner v. Girard*, 668 F.2d 1366, 1370 (D.C.Cir.1981).  Another recent opinion in

this Court observed:

6

> Our Court of Appeals has recently emphasized that "[a] corporation is 'viewed as a distinct entity, even when it is wholly owned by a single individual,'" and that "the law takes seriously the formal line between a corporation and a natural person, even when the corporation is, in effect, a one-person firm." *Nat'l Sec. Counselors v. CIA*, 811 F.3d 22, 31 (D.C. Cir. 2016) (quoting *Quinn v. Butz*, 510 F.2d 743, 757 (D.C. Cir. 1975) (footnote omitted)). And the Supreme Court has observed that "[o]ne-person corporations are authorized by law and should not lightly be labeled a sham." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 471 (2000).

*Kelleher v. Dream Catcher, LLC*, Case No. 1:16-cv-02092-APM, Dec. 23, 2016 Memorandum Opin. And Order at 2.  That opinion further observed that "it is not at all unusual for a closely held entity to share a common address with its principles" and that a shared address in and of itself does not move an alter ego theory across the *Twombly* "line" from conceivable to plausible.  *Id.*

Here, plaintiff's allegations against the Individual Defendants consist solely of legal conclusions and legal conclusions and threadbare recitals of certain limited factors relevant to a veil-piercing/alter ego analysis.  First, plaintiff alleges that the Mostasharis are "upon information and belief, husband and wife, the principals, sole owners, and alter egos of 5Design, which, upon information and belief, operates out of their home in the Commonwealth of Virginia."  Complaint at 2, ¶3.  This paragraph does not contain a *single* factual allegation to support a claim for personal liability against the Individual Defendants. The allegation that, upon information and belief, the Mostasharis are alter egos of 5Design is a bald legal conclusion and the remaining allegations are completely benign, as made abundantly clear by the legal standards discussed above.  In Count II, alleging negligence, plaintiff alleges that the Mostasharis "are the sole members of 5 Design, dominate control of 5Design, and have used the corporate form of 5Design as an

alter ego or business conduit to attempt to shield themselves from liability while effectuating defective, unlicensed, negligent, and otherwise illegal construction of the Property in the District of Columbia and, therefore, they are personally and jointly liable for the actions of 5Design." Complaint at 9, ¶42.  Again, plaintiff states the allegations upon which he relies in support of his claim for individual liability in a blatantly conclusory fashion.

The Complaint does not make any further attempt to plead a bona fide *factual* basis to support a claim for individual liability. It does not distinguish between defendants but instead makes allegations generally against all three defendants throughout the pleading. These allegations consist of labels, characterizations, bare references to veil-piercing factors, and unabashed legal conclusions set forth in an utterly conclusory manner. This does not come close to meeting the legal standard established by *Iqbal*, *Twombly*, and the other authorities cited above. The law takes seriously the formal line between a corporate entity and a natural person (even when the corporation is, in effect, a single-person firm), s*ee Nat'l Sec. Counselors*, 811 F.3d at 31, and the pleading at bar does not come close to containing the "requisite factual support needed at the pleading stage to state a claim for the 'extraordinary' measure of corporate veil piercing."  *See Motir Servs., Inc.* at 109, citing *Schattner v. Girard*, 668 F.2d at 1370.  Respectfully, the Court must dismiss the lawsuit as to the Individual Defendants.

### B.    The Court must dismiss Count I for Breach of Contract.

Plaintiff's count for Breach of Contract rests two theories. First, he relies upon the Condition statement, but that document expressly and emphatically states on its face that it is not

a part of any contract. Second, plaintiff contends that 5Design acted as a "developer, general contractor, construction manager, and/or home improvement contractor" and therefore had to satisfy certain unidentified professional standards supposedly incorporated into its contract with plaintiff. This is purely conclusory and unsupported.  Plaintiff alleges no well-pled fact to identify what those standards supposedly are, how they became a part of his contract, or where they appear in his contract.  The legitimate facts pled in Count I are that 5Design purchased the Property and then sold it to plaintiff after the property had been renovated.  Plaintiff's allegations as to general (or home improvement) contracting and construction management are conclusory and demonstrably wrong.  Plaintiff does not specifically allege that 5Design itself performed construction or renovation work at the Property and there is no factual basis whatsoever for him to make that contention.  He has not identified any actual term of any contract violated by 5Design and his breach of contract count must fail and the Court should dismiss Count I.

### C.      The Court must dismiss Count II for Negligence

Simply stated, a negligence claim founded upon an alleged breach of a contractual duty is duplicative and unsustainable. "[T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship. The tort must stand as a tort even if the contractual relationship did not exist."). Plaintiff must thus allege an independent duty to support his negligence claim. Whether such a duty exists is a question of law for the Court. *Himmelstein v. Comcast of the Dist.*, L.L.C, 908 F. Supp. 2d 49, 55 (D.D.C. 2012) citing *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 811 (D.C. 2011). Here, the parties' relationship is one of contract.  Defendants owed no duty or obligation outside of that contract and, were that not enough, the alleged duty plead by plaintiff

in Count II flows out of plaintiff's conclusory and misguided discussion of regulations regarding

trade contractors. Plaintiff did not contract with 5Design to perform construction work, he

entered into a contract to purchase a residential property.  As already discussed, plaintiff's

conclusory characterization of 5Design as a general contractor, construction manager, or home

improvement contractor is flat-out mistaken and cannot form the basis of any claim for relief.

Ironically, plaintiff has pleading counts for both negligence and breach of contract that are

fundamentally and inherently inconsistent in doing so he has failed to identify either a contractual

provision or a duty of care allegedly breached by defendants.

The economic loss rule also bars plaintiff's recovery in negligence, as it prevents a party

suing in tort "from recovering on a strict products liability claim where the only damage is to the

product itself." *Liberty Mut. Ins. Co. v. Equipment Corp. of America*, 646 F. Supp. 2d 51, 56

(D.D.C. 2009) (citing *Potomac Plaza Terraces, Inc. v. QSC Products, Inc.*, 868 F. Supp. 346,

354 (D.D.C. 1994)). "[T]he failure of the product to function properly . . . is the essence of a

warranty action, through which a contracting party can seek to recoup the benefit of its bargain,"

and thus, the doctrine maintains the traditional distinction between contract and tort. *E. River*

*Steamship Corp. v. Transam. Delval, Inc*., 476 U.S. 858, 868, 106 S. Ct. 2295, 90 L. Ed. 2d 865

(1986). Under the economic loss doctrine, a plaintiff may not recover the "loss of value or use of

the product itself, cost to repair or replace the product, or the lost profits resulting from the loss

or use of the product." *Potomac Plaza*, 868 F. Supp. at 354 (internal citations omitted). *Capital*

*Motor Lines v. Detroit Diesel Corp.*, 799 F. Supp. 2d 11, 16 (D.D.C. 2011). *See also*, *id*. at n.7

(stating that "the economic loss rule applies equally to strict liability and negligence claims).

The Court must dismiss plaintiff's negligence count.

**D.**     **The Court must dismiss Counts III and IV for alleged violation of the D.C. Consumer Protection Procedures Act and Alleged Violation of a Duty of Good Faith and Fair Dealing**

The duty of good faith and fair dealing is implied in every contract and in that regard does not constitute an independent tort but instead constitutes a claim for breach of contract. As such, defendants incorporate by reference their argument in support of their motion to dismiss Count I. Beyond that, defendants appear to contend that the Count is based upon alleged misrepresentations and accordingly it overlaps with Count III and defendants shall address the Counts together.

The heightened pleading requirements of Fed. R. Civ. P. 9(b) applies to plaintiff's claim of fraud, and this Court has previously applied that standard of pleading to claims of unlawful trade practices. *See*, *e.g.*, *Kubicki v. Medtronic*, 2013 U.S. Dist. LEXIS 38965 (D.D.C. Mar. 21, 2013). As plaintiff's allegations regarding good faith and fair dealing rest in part upon plaintiff's contention that defendants acted in bad faith and deliberately concealed known facts, it would logically follow that the provisions of Rule 9(b) could apply to that count as well.

Here, plaintiff relies almost exclusively on the Condition Statement and contentions that defendants made willful and deliberate misrepresentations in the statement.  The actual language of the statement – as opposed to plaintiff's characterizations of that language – is a part of this motion, and the document clearly states that the disclosure (among many other things) are based solely upon the seller's actual knowledge at the time of signing the statement, and unless otherwise stated are not based upon construction, architectural, or engineering expertise. Plaintiff has no good faith allegation to support any contention that 5Design had actual knowledge of any alleged defect at the Property when signing the Condition Statement.  Plaintiff

repeatedly alleges that the disclosures in the Condition Statement were maliciously and willfully false, particularly based upon his allegation that a "stop work order" was issued at the property on February 2, 2016.  However, 5Design signed the Condition Statement on December 31, 2015 and it is literally impossible for 5Design to have made any misrepresentation, willful, malicious, or otherwise, about something that allegedly occurred *after* the time of signature.  It is logically impossible for 5Design to have signed a document on December 31, 2015 with actual knowledge of something that occurred on February 2, 2016.  Plaintiff's contentions regarding the Condition Statement – and his obviously deliberate decision not to append it to his lawsuit – are manipulative and inappropriate.  The Complaint does not contain any well-pled *fact* to support plaintiff's conclusory contention that any defendant had actual knowledge of any allegedly defective condition at the property when signing the Condition Statement, and his characterizations and descriptions of the disclosures do not correspond to the actual disclosures themselves.  Likewise, he has not alleged any basic facts to support the wild and conclusory contentions that defendants (and all three defendants, at that) "boarded over serious structural defects, maliciously "concealed defects in workmanship" and so on.  These are vague and general descriptions of behavior and not well-plead factual allegations, and they form no basis for a claim for relief.

Finally, the allegations do not meet the pleading standards of Rule 9.  They do not identify the precise statements made, the particular defendant making the statement, or provide the time, place or context for any alleged misrepresentation, let alone facts that would justify punitive or treble damages..

Counts III and IV must fail.

**E.     The Court must dismiss Count V for strict liability.**

The economic loss rule bars this claim for the same reasons and based on the same authorities discussed in connection with Count II.

Accordingly, defendants pray that the Court grant their Motion to Dismiss.

Respectfully submitted,

5DESIGN DEVELOPMENT, LLC
SHAW MOSTASHARI
LYDA MEREDITH MOSTASHARI
By Counsel

 /s/   Mark D. Crawford
Mark D. Crawford (Bar No. 449004)
Law Offices of Mark D. Crawford, PLLC
2111 Wilson Boulevard, Suite 700
Arlington, Virginia 22201
703-351-5024
703-351-9292 (fax)
mcrawford@mdc-law.com