**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHRISTOPHER F. BARNETT ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00914-RJL |
| ) | |
| 5DESIGN DEVELOPMENT, LLC *et al.* ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Christopher F. Barnett, through undersigned counsel, hereby submits this

Statement of Points and Authorities in Opposition to Defendants' Motion to Dismiss.

**I.      INTRODUCTION**

Defendant, 5Design Development LLC (hereafter "5Design"), is what is colloquially

known as a "flipper," an individual or entity that purchases residential properties generally in

poor condition and often in neighborhoods that had been deteriorating but now are considered

upcoming and then renovates solely for sale to third-party consumers at a price considerably

more than the original purchase price.  Defendants, Shaw and Lyda Mostashari (hereinafter, "the

Mostasharis") are husband and wife and, upon information and belief, the principals, sole

owners, and alter egos of 5Design.

The Complaint arises out of Plaintiff's purchase of a residential row house in the District

of Columbia located at 12 Franklin Street, NE (hereafter "Property"), which was renovated and

offered for sale by 5Design.  Subsequent to the purchase and occupation of the residence,

Plaintiff discovered, and continues to discover, numerous defects with the renovations performed by 5Design. Despite repeated requests for a site visit to discuss the structural conditions and repairs of such conditions, 5Design was not responsive to such requests.

On April 19, 2017, Plaintiff filed a Complaint in the Superior Court of the District of Columbia against the Defendants. The Complaint asserts five causes of action: Count I (Breach of Contract); Count II (Negligence); Count III (Violation of the District of Columbia Consumer Protection Procedures Act); Count IV (Breach of the Implied Covenant of Good Faith and Fair Dealing); and Count V (Strict Liability).

## II.      PROCEDURAL POSTURE OF CASE

On May 15, 2017, Defendants filed a Notice of Removal of the case from the Superior Court of the District of Columbia to this Court. Defendants' basis for removal is complete diversity of citizenship and the amount in controversy exceeding $75,000 pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the District of Columbia,[1] and Defendants are citizens of the Commonwealth of Virginia.

## III.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) "tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim" upon which relief may be granted. *Woodruff v. DiMario*, 197 F.R.D. 191, 193 (D.D.C. 2000). For a complaint to survive a Rule 12(b)(6) motion, it need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which accomplishes the dual objectives of "giv[ing] the defendant[s] fair notice of what the claim is and the grounds

---

[1] While the Complaint filed in the Superior Court for the District of Columbia stated the Plaintiff is a citizen of California, counsel has since learned that Plaintiff is, in fact, a citizen of the District of Columbia.

upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Or, as the Supreme Court more recently stated in the Rule 12(b)(6) context, "[t]o survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937,

1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the

plaintiff[s] plead factual content that allows the court to draw [a] reasonable inference that the

defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Moreover, under Rule 12(b)(6), the Court "must treat the complaint's factual allegations as true

[and] must grant [the] plaintiff[s] the benefit of all reasonable inferences [that can be derived]

from the facts alleged."  *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation

marks and citation omitted).

Plaintiff's Complaint sets forth detailed and specific facts giving the Defendants' fair

notice of what Plaintiff's claims are and the grounds upon which they rest.  As such, Defendants'

Motion to Dismiss should be denied.

IV.   **PLAINTIFF ALLEGES A LEGALLY SUFFICIENT CLAIM FOR BREACH OF CONTRACT**

Under District of Columbia law, which Plaintiff argues governs the substantive

allegations of this case[2], in order to state a legally sufficient claim for breach of contract, a

plaintiff must allege the existence of (1) a valid contract; (2) an obligation arising out of that

contract; (3) breach of the contract; (4) and damages.  *Tsintolas Realty Co. v. Mendez*, 984 A.2d

181, 187 (D.C. 2009).  *See also Mesumbe v. Howard Univ.*, 706 F.Supp.2d 86, 94 (D.D.C. 2010)

(citing *Tsintolas*).  Plaintiff has satisfied these four requirements.

---

[2]   Defendants do not assert, nor can they, that removal of this case is based upon the existence of a Federal question.  In fact, Defendants cite District of Columbia law elsewhere in their brief. *See* Defendants' Statement of Points and Authorities in Support of Motion to Dismiss (hereinafter "Statement in Support of Motion to Dismiss") at 2.

1.      Existence of valid contract

Plaintiff entered into a residential sales contract with 5Design to purchase the Property on

or about February 25, 2016.  Complaint at ¶9.  Defendants do not dispute that a valid contract

between the parties exists, although it appears that they do dispute whether and to what extent

the Seller's Property Condition Statement (hereinafter "Condition Statement"), also executed on

February 25, 2016, was, in fact, incorporated into the sales contract.  Defendants appear to

ascribe a nefarious motive for Plaintiff not attaching the Condition Statement to his Complaint.

There are certainly other relevant documents that will be discussed throughout the litigation, and

the inclusion or exclusion of such documents at this early stage of the litigation is neither fatal to

the Complaint nor particularly probative.  Moreover, Defendants already had the Condition

Statement, as evidenced by their ability to attach it to their Statement in Support of Motion to

Dismiss.

2.      An obligation arose out of that contract

There can be no dispute that an obligation arose out of that contract.  Defendants were

obligated to convey the Property per the terms of the sales contract and Condition Statement.

Complaint at ¶9.  On March 31, 2016, the Plaintiff and 5Design closed on the Property.

Complaint at ¶16.

3.      A breach of the contract is alleged to have occurred

The agreement was breached.  The Condition Statement, as signed by Mr. Mostashari of

5Design, represents that the seller does not have actual knowledge as to (a) whether there were

structural defects in the walls or floors; (b) defects with the plumbing system; and (c) whether

the property has been cited for any violations of regulations.  In fact, to the contrary, 5Design

was cited numerous times for permit violations and issued stop work orders.  Complaint at ¶¶13

and 14.  Further, as more fully discussed below, the Plaintiff retained a contractor, Spectrum

Design Build, Inc. (hereinafter "Spectrum"), to evaluate existing structural defects, including

water infiltration.  Complaint at ¶21.  Spectrum prepared a report detailing the observed

structural defects, and that report was provided to Defendants on January 3, 2017.  Complaint at

¶25.  The Complaint clearly states that the Plaintiff notified 5Design of such water infiltration.

On July 21, 2016, the Plaintiff notified 5Design of continued water intrusion into the kitchen.

Complaint at ¶22.  On July 5, 2016, the Plaintiff notified 5Design of water leaking from the

living room light fixture when the shower in the second floor bathroom was used.  Complaint at

¶23.

    4.       Plaintiff has suffered damages

The report prepared by Spectrum noted the following problems:  (1) Water infiltration

caused by improper construction of rear wall and decking, including improper or nonexistent

flashing; (2)  Improper grading of rear yard which causes water infiltration into the Property; (3)

Improper plumbing in upstairs bathrooms which has resulted in water infiltration into first floor;

and (4)  Permitting issues such open permits and/or lack of appropriate permits, as well as the

failure to obtain close-out inspections.  Complaint at ¶24.

Oddly, Defendants argue that there has been no allegation that 5Design performed

construction or renovation work at the Property, and "there is no factual basis whatsoever for

him [Plaintiff] to make that contention."  Statement in Support of Motion to Dismiss at 9.

Plaintiff could not have been clearer by specifically alleging that 5Design renovated the

Property.  Complaint at ¶2.  If 5Design wishes to deny that it had anything to do with the

construction, or was not a party to the sales contract, it may do so in its Answer, but this does not

go towards the sufficiency of a Complaint to survive a Fed. R. Civ. P. 12(b)(6) motion.

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss as to

Count I (Breach of Contract) of the Complaint.

## V.      PLAINTIFF ASSERTS A LEGALLY SUFFICIENT CLAIM FOR NEGLIGENCE

Defendants assert that a count for negligence must be based upon an independent duty

existing separately from any contractual relationship between the parties.  Statement in Support

of Motion to Dismiss at 9.  In order to state a legally sufficient claim for negligence, a plaintiff

must allege (1) a duty; (2) a breach; (3) causation; and (4) damages.  *See Tolu v. Ayodeji,* 945

A.2d 596, 601 (D.C. 2008).

First, Plaintiff specifically alleges that the Defendants, in the course of renovating the

Property, acted as developers, construction managers and/or home improvement contractors.

Complaint at ¶¶36-37.  There is no dispute that the Defendants purchased the Property with the

intention of renovating and selling the Property.

The District of Columbia has long held that construction professionals owe a duty of care

to others to avoid risk of injury to their person or property.  *See Caldwell v. Bechtel, Inc.*, 631

F.2d 989, 995-1003, 203 U.S. App. D.C. 407 (D.C. Cir. 1980); *Hanna v. Fletcher*, 231 F.2d 469,

472-477, 97 U.S. App. D.C. 310 (D.C. Cir. 1956); *Presley v. Commercial Moving & Rigging,*

*Inc.*, 25 A.3d 873, 888 (D.C. 2011); *Souci v. Smith & Co.*, 763 A.2d 96, 100-102 (D.C. 2000);

*Levy v. Schnabel Foundation Co.*, 584 A.2d 1251, 1255 (D.C. 1991).  This duty arises in tort and

exists independently of any contractual duties the parties may have.  *Caldwell*, *supra*.

Defendants breached that duty by performing renovation work of the property without

obtaining proper permits, without following the terms of permits, and without completing

inspections.  Complaint at ¶39.  The Defendants further breached that duty by renovating the

Property and selling it to Plaintiff with a deficiently constructed back deck and improper grading

of the back yard.  Complaint at ¶¶24 and 40.

Defendants next rely on the economic loss doctrine as a basis to dismiss Plaintiff's

negligence claim.  That doctrine does not apply in this case.  First, as Defendants acknowledge

on page 10 of their Statement in Support of Motion to Dismiss, the economic loss doctrine

prevents a party from recovering on a tort theory where the only damage is to the property itself.

Plaintiff specifically alleges that he has suffered damage to personal property other than the

Property itself, as well as emotional pain and suffering.  Complaint at ¶43.  The District of

Columbia recognizes an independent tort action where defective work interferes with an

individual's use and enjoyment of their property, such as is the case here.  *See Souci v. William*

*C. Smith & Co.*, 763 A.2d 96, 100-102 (D.C. 2000).

For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss Count

II (Negligence) of the Complaint.

## VI.   PLAINTIFF ASSERTS A LEGALLY SUFFICIENT CLAIM FOR VIOLATION OF THE CONSUMER PROTECTION PROCEDURES ACT

Defendants do not dispute the elements and application of the District of Columbia

Consumer Protection Procedures Act ("DCCPPA").  The District of Columbia Court of Appeals,

in a similar situation, ruled that the DCCPPA applies to the sale of residential property by a

developer such as 5Design, which is in the business of purchasing and renovating residential

properties in the District of Columbia, "whether or not he entered a formal contractual

relationship with [plaintiff/appellee] or received money for the services".  *See Wetzel v. Capital*

*City Real Estate, LLC*, 73 A.3d 1000, 1004-1005 (D.C. 2013), quoting *Byrd v. Jackson*, 902

A.2d 778, 781 (D.C. 2006).

The Defendants committed unfair trade practices in violation of D.C. Code §28-3904 by, *inter alia*, not disclosing any structural defects involving walls, floors, and plumbing system, as well as violations of zoning regulations.  In particular, such violations under D.C. Code 28-3904(d) through (f) include the following:

- "represent that goods or services are of particular standard, quality, grade, style or model, if in fact they are another."  D.C. Code §28-3904(d);

- "misrepresent as to a material fact which has a tendency to mislead."  D.C. Code §28-3904(e);

- "fail to state a material fact if such failure tends to mislead."  D.C. Code §28-3904(f).

As more fully discussed in Section IV, Defendants stated in the Condition Statement that they had no knowledge of such aforementioned violations.  The facts do not bear out that representation.

While the defendants were renovating the Property, there were numerous stop work orders, many of which were issued in 2015 prior to the Defendants' execution of the Condition Statement.  *See*  https://pivsservices.dcra.dc.gov/PIVS/ which is maintained by the District of Columbia Department of Consumer and Regulatory Affairs for every property in the city and includes information relating to stop work orders and similar citations.  As argued by Defendants at pages 4-5 of the Statement in Support of Motion to Dismiss, this Court may take judicial notice of such aforementioned information.  *See Pharm. Research & Mfrs. Of Am v. United States, HHS*, 43 F.Supp. 3d 28, 34 (D.D.C. 2014) (Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies).

As such, Plaintiff has satisfied the pleading requirements of both Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 12(b)(6).  For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss Count III (Violation of the District of Columbia Consumer Protection Procedures Act) of Plaintiff's Complaint.

**VII.   PLAINTIFF ASSERTS A LEGALLY SUFFICIENT CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

Under District of Columbia law, every contract contains an implied covenant of good faith and fair dealing.  *Allworth v. Howard Univ.*, 890 A.2d 194, 201 (D.C. 2006).  This means that "neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Paul v. Howard Univ.,* 754 A.2d 297, 310 (D.C. 2000) (quoting *Hais v. Smith*, 547 A.2d 986, 987 (D.C. 1988)).

Defendants assert the same arguments with respect to Count IV of Plaintiff's Complaint as made with respect to Count III.  Plaintiff therefore incorporates the arguments set forth in Section VI which satisfy the elements of this cause of action. For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss as to Count IV (Breach of Implied Covenant of Good Faith and Fair Dealing) of Plaintiff's Complaint.

**VIII.   PLAINTIFF ASSERTS A LEGALLY SUFFICIENT CLAIM FOR STRICT LIABILITY**

Defendants cite the economic loss doctrine as the basis to dismiss Count V (Strict Liability) of Plaintiff's Complaint, incorporating their arguments as discussed in their Statement in Support of Motion to Dismiss Count II (Negligence) of Plaintiff's Complaint.  Plaintiff therefore incorporates the arguments made in Section V above.  For the foregoing reasons, this Court should deny Defendants' Motion to Dismiss as to Count V (Strict Liability) of Plaintiff's Complaint.

## IX.   INDIVIDUAL DEFENDANTS

Defendants, the Mostasharis, argue that the  Complaint against them must be dismissed, because, in part, they are not the "alter egos" of 5Design, the third defendant.  Defendants argue that "there is no factual basis whatsoever" (Statement in Support of Motion to Dismiss at 9) for the Plaintiff to allege that 5Design performed construction or renovation work at the Property or had any involvement with the management of the construction and renovation of the Property. While making such an incredible statement given the nature of Defendants' business, Defendants provide no information concerning what connection they had with the Property, although it is undisputed that 5Design sold the renovated property to Plaintiff.

Defendants do not dispute that the Mostasharis are married and that they are the sole owners of 5Design.  Plaintiff communicated with Mr. Mostashari after the closing and subsequent occupation of the Property regarding concerns about structural defects.  5Design and the Mostasharis appear to be "alter egos."  Furthermore, since the Defendants are now disavowing any involvement with the construction and renovation, "considerations of justice and equity . . . justify piercing the corporate veil." *See Motir Servs., Inc. v. Ekwuno*, 191 F.Supp.3d 98, 108 (D.D.C. 2016), citing *Bingham v. Goldberg, Marchesano, Kohlman, Inc.*, 637 A.2d 81, 93 (D.C. 1994) (quoting *Vuitch v. Furr*, 482 A.2d. 811, 815 (D.C. 1984)).

For the foregoing reasons, this Court should not dismiss the Complaint against the Mostasharis.

## X.       CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests this Court to dismiss

Defendants' Motion to Dismiss.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.
BY:


/s/   *Christopher A. Glaser*
Christopher A. Glaser (Bar No. 463583)
1120 20th Street, N.W.
Suite 300 South
Washington, D. C. 20036
202-457-1600
cglaser@jackscamp.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of June, 2017, a copy of the foregoing was

served electronically upon all counsel of record:


Mark David Crawford
Law Offices of Mark D. Crawford, PLLC
2111 Wilson Boulevard
Suite 700
Arlington, VA 22201


/*s/ Christopher A. Glaser*
Christopher A. Glaser

3525211v.4