**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CHRISTOPHER F. BARNETT | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | Case No. 1:17-cv-00914 |
| 5DESIGN DEVELOPMENT, LLC *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Local Rule 16.3(c) and the May 22, 2017 Case Management Order in this case, the Parties respectfully submit this Joint Meet and Confer Statement.  Counsel for the Parties met and conferred on June 21, 2017 at the offices of Jackson & Campbell, PC, with Donald Uttrich attending for Plaintiff and Mark Crawford in attendance for all Defendants.

**I.  STATEMENT OF THE FACTS OF THE CASE**

Plaintiff filed his Complaint against the Defendants in the Superior Court for the District of Columbia on April 19, 2017, alleging defective construction of his single family residence located at 12 Franklin Street, NE, Washington, DC  20002, which he purchased from Defendant, 5Design Development, LLC.  The Complaint asserts the following causes of action:  (1) Breach of Contract; (2) Negligence; (3) Violation of the District of Columbia Consumer Protection Act, D.C. Code §28-3901, *et seq.*; (4) Breach of the Covenant of Good Faith and Fair Dealing; (5) Strict Liability.  The Defendants removed the case to this Court on May 15, 2017, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on May 22, 2017, which is pending before this Court.  No answer has been filed.

## II.  LOCAL RULE 16.3 MATTERS

The Parties hereby report to the Court on the matters listed in Local Rule 16.3, as follows:

**1.  *Whether the case is likely to be disposed of by dispositive motion; and whether if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.***

The parties agree that there is a likelihood that all or part of the case might be disposed of by dispositive motion.  Defendants' Rule 12(b)(6) motion to dismiss is currently pending before the Court. Defendants recommend that discovery and other matters await a decision on the motion.  Plaintiff recommends that discovery commence.

**2.  *The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.***

The parties recommend that the time frame to join parties or amend pleadings should be 60 days from the date of the initial status conference, subject to any ruling by this Court on Defendants' motion to dismiss. The parties believe it may be possible to agree upon or narrow certain factual or legal issues.

**3.  *Whether the case should be assigned to a magistrate judge for all purposes including trial.***

The parties agree that this case should not be assigned to a magistrate judge.

**4.  *Whether there is a realistic possibility of settling the case.***

The parties agree that there is a realistic possibility of settling the case and are in active negotiations for settlement.

**5.  *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.***

The parties agree that mediation may be appropriate for this case at some point in time.

**6.  *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.***

The claims in this case are currently the subject of defendants' Motion to Dismiss.  The

parties recommend that the Court establish dates for filing any other dispositive motions and/or

cross-motions, oppositions, and replies following disposition of the pending Motion to Dismiss

or at the initial status conference in this case.

**7.  *Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R. Civ. P., and if not, what if any changes should be made in the scope, form, or timing of those disclosures.***

Defendants recommend that the parties dispense with initial disclosures required by Rule

26(a)(1), particularly because of the Motion to Dismiss.  Plaintiff recommends proceeding with

those disclosures once the Court rules on the pending motion to dismiss..

**8.  *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.***

The parties submit that the case should have a discovery period of at least six months and

not more than nine months (but disagree upon when that period should commence, as noted

above). The parties do not believe that a protective order is necessary at this time. Pursuant to

LCvR 16.2, the parties respectfully submit that it is premature to propose a discovery plan and

that this case as exempt from the provisions of Fed. R. Civ. P. 26(f) as no answer has yet been

filed by any defendant.  All defendants have moved to dismiss under Fed. R. Civ. P. 12(b)(6).

**9.  *Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.***

The parties do not believe there are any such issues at this time.

*10. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include in their agreement an order under Federal rule of Evidence 502.*

The parties do not believe there are any such issues to discuss at this time.

**11.** *Whether the requirement of exchange of expert witness reports and information pursuant to Rule26(a)(2), F.R. Civ. P., should be modified, and whether and when depositions of experts should occur.*

The parties recommend that the timing of expert disclosures be calculated with reference

to the close of discovery rather than the trial date as provided in the Rule. The parties recommend

that such dates be established following disposition of the pending Motion to Dismiss  or at the

initial status conference in this case.

**12.** *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This item is not applicable, as this is not a class action.

**13.** *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The parties do not believe that any bifurcation is necessary.

**14.** *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).*

The parties jointly propose that a final pretrial conference date be set after the completion

of all discovery and the Court's decision on any dispositive motions.

**15.** *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The parties believe that the Court need not set a firm trial date at the initial scheduling

conference, and propose that a trial date be set at the pretrial conference.

**16.** *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

There are no additional matters to include in the scheduling order.

Dated:  July 5, 2017.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.
By:

/s/ Donald L. Uttrich_____
Roy L. Kaufmann  (DC Bar #252858)
Donald L. Uttrich  (DC Bar #431859)
1120 20th Street, N.W., Suite 300 South
Washington, D.C. 20036
Tel:      202-457-1600
Fax:     202-457-1678
Email:    rkaufman@jackscamp.com
              duttrich@jackscamp.com
*Counsel for Plaintiff*

And:

/s/ Mark D. Crawford_____
Mark D. Crawford (DC Bar #449004)
Law Offices of Mark D. Crawford, PLLC
2111 Wilson Blvd., Suite 700
Arlington, VA 22201
Tel: (703) 351-5024
Fax: (703)351-9292
Email: mcrawford@mdc-law.com
*Attorney for Defendants*